RUBY NELSON ET AL. v. JOHN A. FREY.

(No. 6883.)

APPEAL from Erath County.  Opinion by DAVIDSON, J.

M. F. MARTIN and LEE YOUNG, counsel for appellants.

KING & MORRIS, counsel for appellee.

§ 248. *Community property; wife's interest in at her second marriage is her separate property; liability of, for debts of second husband; minors; liability of property of, for debt of step-father; homestead cannot be subject of fraudulent transfer, etc.* B. T. Nelson died leaving surviving him a wife, Mrs. A. T. Nelson, and three children, two of whom are the appellants Ruby and Leon Nelson. Appellants are minors and girls. At the time of his death Nelson owned as community property one hundred acres of land. Soon after his death his widow and her three children moved upon and improved this land, and occupied it as a homestead. Mrs. Nelson thereafter married B. T. Rounds. After this marriage the family, thus augmented, continued to occupy the land as a homestead, and it seems that Rounds became involved somewhat in his financial affairs, and was not able to dress his step-daughters as they desired to be dressed. The two girls agreed with their mother and step-father that if ten acres of land were set apart to them they would cultivate same, in order to realize money with which to make their own purchases. This was for the year 1888. The girls hired the land plowed, and did the remainder of the work

themselves.   In the fall they had succeeded in gathering three thousand nine hundred pounds of cotton from their crop, when the appellee levied upon said three thousand nine hundred pounds to satisfy a debt due him from their step-father, Rounds.   Appellants bought their goods of one Cage, and this account was kept with them in their name.   There is no dispute about the facts. Appellants filed claim, affidavit and bond through their mother, Mrs. A. T. Rounds, and secured the possession of the cotton.   Upon the trial of the right to said property in the justice's court appellants were successful, but upon appeal to the county court appellee recovered his judgment, and from this judgment appellants prosecute their appeal to this court.   The court charged the jury that cotton raised by the husband upon community property would be subject to execution.   But if the mother and children owned the land jointly and by agreement kept separate accounts to be paid for by them out of certain crops worked and tended by them alone, and their step-father, B. T. Rounds, was not to and did not pay any accounts and debts created by them, or by their mother for them, then the crops so separately made by them, under such facts and circumstances, would not be liable for their step-father's debts.   This charge is complained of, and it is urged that the court committed reversible error in giving same to the jury.   The land upon which the cotton was raised was not the community property of the husband and wife in this case, but was, as to her interest, the wife's separate property.   In so far as the husband was concerned, the land upon which the cotton was raised was the separate property of Mrs. Rounds.   The wife owned her portion of the land at the time of the marriage, and the children owned the other portion of the land.  [R. S., art. 2851.]  The charge with reference to "cotton raised by the husband upon community property" was not warranted by any fact in the case.   Again, the court's charge is misleading and

erroneous, in virtually informing the jury that the cotton in question would be liable for Rounds' debts if he "was not to and did not pay any accounts and debts created by them [appellants], or by their mother for them." Minors are not responsible for the debts of their step-father, whether their accounts be kept separate or joint, nor is their property subject to execution for his debts for any such reason. There is not a single fact in the record that tends to show the property of these girls in any manner subject to the levy of appellee's execution. The charge is clearly and radically wrong. The cotton was grown upon the homestead, and could not be the subject of fraudulent transfer, because it could not, until after its separation from the land, be the subject of a levy even in the hands of Rounds, and when it is his own property. The cotton in this case was not his property. He had and claimed no interest in it or any part of it. It was the property of the girls. They had toiled and worked for it. It was raised upon their own land, or land upon which they had a direct interest and title. The evidence in this case does not authorize either the charge given or the verdict rendered.

May 6, 1891.     Reversed and remanded.